UNITED STATES BANKRUPTCY COURT
SOUTHTERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

AMERICA-CV STATION GROUP INC.,  CHAPTER 11

Case no. 19-16355-AJC

    Debtor

_____/

OMAR ROMAY, Liquidating Trustee,  Adv. Pro. No. _____-AJC

    Plaintiff,

MEDIASET ESPAÑA COMMUNICACION S.A.

    Defendant,

_____/

**COMPLAINT TO AVOID TRANSFER
AND TO RECOVER PROPERTY**

Omar Romay, as Liquidating Trustee (the "Trustee" or "Plaintiff") for the Liquidating Trust of America-CV Station Group Inc. (the "Liquidating Trust"), files this Complaint for avoidance and recovery of a transfer in the total amount of $10,000,000.00 pursuant to 11 U.S.C. §548 and 550 against Mediaset España Communicacion S.A. ("Mediaset") and states in support as follows:

**JURISDICTION AND VENUE**

1. This adversary proceeding is brought by the Liquidating Trust to avoid and recover fraudulent transfers pursuant to §§ 548, and 550 of the Bankruptcy Code.

2. This Court has jurisdiction over the subject matter of this proceeding pursuant to: (i) 28 U.S.C. §1334(b); Paragraph 26 of the *Order Confirming Debtors' Plans of Reorganization Dated February 26, as Modified*, *In re America- CV Station Group, Inc.,* Case No. 19-16355-AJC

[ECF No.272] (Bankr. S.D. Fla. June 2, 2020) (the "Confirmation Order"); and Article XI(v) of the *Chapter 11 Plan of Reorganization Proposed by America-CV Station Group, Inc*., Case No. 19-16355-AJC [ECF No. 125] (Bankr. S.D. Fla.  Feb. 26, 2020) (the "Chapter 11 Plan").

3. This is a core proceeding for which this Court is authorized to hear and determine all matters regarding this case in accordance with 28 U.S.C. §§157(b)(2)(H).

4. Venue is proper in this Court pursuant to 28 U.S.C. §1409(a).

## PARTIES

5. On May 14, 2019 (the "Petition Date"), America-CV Station Group, Inc. ("ACVSG") along with other of its affiliates filed a voluntary petition in the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court") for relief under Chapter 11 of Title 11 of United States Code (the "Bankruptcy Code") under Case No. 19-6355-AJC ("America-CV Station Case").

6. At the time of the filing of the Bankruptcy Case, the Debtor along with its affiliates operated an independent Spanish language television network in the United States under the brand names "americateve" and "teveo".

7. Mediaset is a Spanish corporation with its principal place of business located in Madrid Spain.

8. Mediaset has maintained sufficient contacts with the United States, including:

   a. Receiving the Transfer (as defined below) in a bank account at Wells Fargo N.A., in the United States.

   b. Signing the Dec. 7 Agreement (as defined below) which provides for resolution of any dispute relating to it in the courts in Miami-Dade County Florida.

    c. Bringing a lawsuit against Groupo Colte S.A. relating to the Pegaso TV SPA (defined below) in state court in Miami-Dade Circuit Court (*see Mediaset España Communicacion S.A. v. Groupo Colte S.A.* Case no. 2020-004111-CA-01).

    d. Conducting business activities directly or through its subsidiaries by providing digital media content to consumers in the United States through platforms like YouTube.

    e. Conducting business directly with the United States by selling its content and access to its content through the "Mitele-TV a la carta" application on the iOS platform.

9. This Court has personal jurisdiction over Mediaset pursuant to Fla. Statutes §§ 48.181(1) and 48.181(3) and Fed. R. Bankr. P. 7004.

10. On January 21, 2020, Omar Romay and certain of his wholly owned subsidiaries[1] (collectively, the "Romay Parties") entered the "Global Settlement and Release Agreement" (the "Bankruptcy Settlement"). A copy of the Bankruptcy Settlement is attached hereto as Exhibit "A."[2]

11. The Bankruptcy Settlement resolved the various issues between the Romay Parties and ACVSG, its affiliates and certain related parties. The Bankruptcy Settlement required that upon confirmation of the Chapter 11 Plan, ACVSG transfer to the Liquidating Trust "all claims and causes of action of America-CV Station Group, Inc., to avoid and recover the Transfer under

---

[1] Okeechobee Television Corp., Promisa Inc., Sherjan Broadcasting Inc., Telecenter, Inc. and America Teve Network Inc.,

[2] A copy of the unredacted settlement will be provided to the Court upon request.

and pursuant to Chapter 5 of the Bankruptcy Code and applicable non-bankruptcy law, together with the proceeds thereof." Exhibit A at ¶ 5.

12. On June 6, 2020, ACVSG and the Trustee signed the Liquidating Trust Agreement which completed the transfer the claims owned by ACVSG against Mediaset to the Liquidating Trust. A copy of the Liquidating Trust is attached hereto as Exhibit "B."

## THE DEBTOR

13. Prepetition ACVSG's ownership structure was such that Caribevision Holdings, Inc., held 100% of the voting and 50% of the equity of ACVSG.

14. Accordingly, from and after December 7, 2015, the board of directors of Caribevision Holdings Inc., controlled the decisions and actions of ACVSG. At all relevant times the board of directors of Caribevision Holdings Inc., was comprised of: Carlos Vasallo, Marcell Felipe, Angel Santamaria, Fernando Calles, Emilio Braun, and Ana Cristina Castilla.

15. Both Ana Cristina Castilla and Angel Santamaria were the Mediaset representatives on the Caribevision Holdings Inc, board of directors.

16. Pegaso Television Inc., ("Pegaso") owned 10.33% of Caribevision Holdings, Inc.

17. Pegaso in turn was owned by Groupe Colte S.A. de CV ("Groupo Colte") (40.68%), Groupo Brabur S.A. de C.V. (11.86%), Telecapital & Associates (3.75%) and Mediaset (43.71%). A copy of the America-CV Station Group Ownership Chart attached hereto as Exhibit "C."

## THE TRANSFER

18. On March 23, 2018, Mediaset and Groupo Colte entered into the Share Purchase Agreement Relating to the shares of Pegaso Television Inc. (the "Pegaso TV SPA"), whereby Groupo Colte purchased from Mediaset 21,594,787 shares (43.71% of the shares) in Pegaso. A copy of the Pegaso TV SPA is attached hereto as Exhibit "D."

4

19. Under the Pegaso TV SPA, "[a]s consideration" for the agreement, Groupo Colte agreed to pay U.S. $12,500,000.00 to Mediaset in three installments. *See* Pegaso TV SPA, at ¶2.1.

20. The first installment of $10,000,000.00 was due on or before April 23, 2018. *Id.*

21. Indeed, the "validity and effectiveness" of Pegaso TV SPA was contingent on Mediaset receipt of the first installment. *Id* ¶1.2.

22. ACVSG is not a party to the Pegaso TV SPA.

23. ACVSG did not sign the Pegaso TV SPA.

24. On April 23, 2018 ACVSG sent a single of wire of $10,000,000.00 from its Iberia Bank account to Mediaset's account ending in 6464 at Wells Fargo Bank (the "Transfer"). *See* Email from April 23, 2018 attached hereto as Exhibit "E." See Iberia Statement of Account Exhibit "F." The ACVSG Iberia Bank account from where the Transfer was sent is located in the United States.

25. The Transfer was a transfer of property of ACVSG.

## THE ROMAY LITIGATION

26. On December 7, 2015, the Romay Parties, ACVSG and many other related parties entered into the Confidential Settlement Agreement (the "Dec. 7 Settlement"). A redacted copy of the Dec. 7 Settlement is attached hereto as Exhibit G.[3]

27. Pursuant to the terms of the Dec. 7 Settlement agreement the Parties thereto, agreed, among other things, (i) that ACVSG would sell certain of its assets in a bandwidth auction to be conducted by the Federal Communications Commission (the "FCC Auction"), (ii) divide the proceeds of the FCC Auction in accordance with the provisions of the Dec. 7 Settlement and (iii)

---

[3] A copy of the unredacted Dec. 7 Settlement will be provided to the Court upon request.

liquidate certain stations to the extent the liquidation of those stations was not accomplished through the FCC Auction.

28.   A dispute arose between the Romay Parties and the other owners of ACVSG over the distribution of the proceeds from the FCC Auction.

29.   On March 9, 2017, the board of directors of Caribevision Holdings, Inc., at the insistence of the directors appointed by Mediaset, took that position that the Romay Parties were not entitled to receive any money from the Dec. 7 Settlement.

30.   Moreover, the directors would not authorize the payment of any money from the FCC Auction to the Romay Parties. *See* Board Minutes attached hereto as Exhibit H.[4]

31.   In December of 2017, the Romay Parties initiated a lawsuit in Miami-Dade Circuit Court styled *Romay et al. v. Caribevision Holdings, Inc., et al.*, Case No. 17-028393-CA-44, against ACVSG and Caribevision Holdings, Inc., Caribevision TV Network, LLC, Caribevision Station Group LLC, and Spanish Broadcasting Systems Holding Group, Inc. (the "State Court Litigation").

32.   In the State Court Litigation, the Romay Parties sought to recover their share of the proceeds from the FCC Auction.

33.   Prior to signing the Pegaso TV SPA by Groupo Colte and Mediaset, the Romay Parties had sued ACVSG, for damages of $21,500,00.00 (the "Romay State Court Litigation"). Exhibit D page 1.

34.   A copy of the Romay Parties complaint in the Romay State Court Litigation was attached as schedule 1 to the Pegaso TV SPA (Exhibit D).

---

[4] Exhibit H was translated in the Romay State Court Litigation, as Exhibit "U" in that case.

80 SW 8TH STREET, SUITE 1999, MIAMI FL 33130    T: (305) 374 0440    WWW.MARKMIGDAL.COM

35. On April 1, 2019, the state court entered a non-final order in the State Court Litigation finding that ACVSG and the other defendants had breached the Dec 7 Settlement and that the Romay Parties were entitled to an amount between $8,867,909.06 and $9,320,609.40. A copy of the April 1 Order is attached hereto as Exhibit "I" (the "April 1 Order"). The April 1 Order did not address certain credits claimed by ACVSG and did not address the Romay Parties' claims to their share of the stations located in Puerto Rico.

36. On June 18, 2020, a final judgment was entered in favor of the Romay Parties in the amount of $9,320,609.40. See Final Judgment attached hereto as Exhibit J.

37. All conditions precedent to this action have been met, waived or are otherwise excused.

## COUNT 1 - AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO §548(a)(1)(B)

38. The Plaintiff realleges the allegations set forth in paragraphs 1 through 37 and incorporates those allegations by reference.

39. On April 23, 2018 ACVSG sent the Transfer to Mediaset. The Transfer was sent within 2 years of the Petition Date.

40. Mediaset received the Transfer.

41. The Transfer was made as part of the Pegaso TV SPA.

42. ACVSG is not a party of the Pegaso TV SPA.

43. ACVSG received less than reasonably equivalent value for the Transfer. Indeed, it received nothing of value in return for the Transfer.

44. At the time of the Transfer ACVSG did not reflect any outstanding obligations owed to Mediaset on its books and records. That is because there were no such obligations from ACVSG directly to Mediaset.

80 SW 8TH STREET, SUITE 1999, MIAMI FL 33130    T: (305) 374 0440    WWW.MARKMIGDAL.COM

45. At the time the Transfer was made ACVSG was insolvent. More specifically, immediately after the Transfer ACVSG did not have sufficient assets with which to pay any of the claims that the Romay Parties were asserting against ACVSG in an amount, which if successful (as they ultimately were), would exceed $8,000,000.00.

46. Additionally, the Transfer left ACVSG with unreasonably small capital considering the pending claims of the Romay Parties.

47. The debtor incurred or believed it would incur debts that would be beyond its ability to pay as such debts matured. Indeed, on May 23, 2017, Marcell Felipe and outside counsel warned various members of the board of directors of Caribevision including Mr. Angel Santamaria that the interpretation of the Dec. 7 Settlement as advanced by Mediaset will result in problems for ACVSG. Email from May 23, 2017 attached hereto as Exhibit K.

48. The Transfer may be avoided under §548 of the Bankruptcy Code.

**WHEREFORE** Plaintiff respectfully requests that the Court enter a Judgment:

(a) Declaring the Transfer to have been a fraudulent transfer pursuant to §548(a)(1)(B) of the Bankruptcy Code.

(b) Avoiding the Transfer as a fraudulent transfer in violation of §548(a)(1)(B) of the Bankruptcy Code.

(c) Requiring the payment of the Transfer to Plaintiff.

(d) Disallowing any claim that Mediaset may have against ACVSG.

(e) Granting such other and further relief as may be just and proper.

### COUNT 2 - AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO §548(a)(1)(A)

49. The Plaintiff realleges the allegations set forth in paragraphs 1 through 37 and incorporates those allegations by reference.

50. On April 23, 2018 ACVSG sent the Transfer to Mediaset. The Transfer was sent within 2 years of the Petition Date.

51. Mediaset received the Transfer.

52. At the time of the Transfer Mediaset was aware of the State Court Litigation.

53. Mediaset, at the March 9, 2017 board meeting caused Caribevision and by extension ACVSG to take the position contrary to the Dec 7 Settlement that the Romay Parties were not entitled to their share of the FCC Auction proceeds. This was done against the advice of counsel and some of the members of the board of directors of Caribevision Holdings Inc. See Exhibit K.

54. The Transfer comprised the FCC Auction proceeds.

55. By forcing Caribevision Holdings Inc., which held 100% of the voting interest in ACVSG, to refuse paying the Romay Parties, and by further requiring that a payment be made to Mediaset as part of the Pegaso TV SPA, ACVSG acted with the actual intent to hinder, delay or defraud the Romay Parties which were or would become creditors of ACVSG on or after the date of the Transfer.

56. Indeed, the foregoing actions were approved by Mediaset through its appointed members to the board of directors of Caribevision Holdings Inc. which controlled ACVSG at all relevant times.

57. The Transfer was made for the benefit of Mediaset.

58. The Transfer did not relate to the operation of ACVSG.

59. The Transfer did not confer any benefit to ACVSG.

60. ACVSG did not retain possession or control of the transferred amounts. Nor were any goods obtained by ACVSG as a result of the Transfer.

61. Before the transfer was made ACVSG had been sued by the Romay Parties for the very funds (the proceeds of the FCC Auction) that were then transferred to Mediaset.

**WHEREFORE**, the Plaintiff respectfully requests that the Court enter Judgment:

(a) Declaring the Transfer to have been a fraudulent transfer pursuant to §548(a)(1)(A) of the Bankruptcy Code.

(b) Avoiding the Transfer as a fraudulent transfer in violation of §548(a)(1)(A) of the Bankruptcy Code.

(c) Requiring the payment of the Transfer to Plaintiff.

(d) Disallowing any claim that Mediaset may have against ACVSG.

(e) Granting such other and further relief as may be just and proper.

## COUNT 3 – RECOVERY OF PROPERTY PURSUANT TO 550 OF THE BANKRUPCY CODE

62. The Plaintiff realleges the allegations set forth in paragraphs 1 through 37 and incorporates those allegations by reference.

63. The Transfer is avoidable pursuant to §548 of the Bankruptcy Code and, as a result, the Transfer is recoverable by Plaintiff pursuant to §550 of the Bankruptcy Code.

64. Mediaset is the initial transferee of the Transfer and/or the entity for whose benefit the Transfer was made.

65. The Plaintiff seeks only one recovery for the Transfer.

**WHEREFORE**, the Plaintiff requests that the Court enter a Judgment:

(a) Declaring the Defendants to be the initial transferees of the Transfers and/or the entity for whose benefit the Transfers were made;

(b)  Directing the Defendants to turn over to the Plaintiff the Transfers, plus interest at the applicable federal statutory rate, reasonable attorneys' fees, and costs and expenses to the extent permissible by applicable law; and

(c)  Granting such other and further relief as may be just and proper.

DATED: February 24, 2021                             Respectfully submitted,

<p style="margin-left: 40%">
MARK MIGDAL & HAYDEN<br>
Brickell City Tower<br>
80 S.W. 8th Street, Suite 1999<br>
Miami, Florida 33130<br>
Telephone: (305) 374-0440<br><br>
By: <i>/s/ Isaac Marcushamer</i><br>
    Isaac Marcushamer, Esq.<br>
    Florida Bar No. 60373<br>
    isaac@markmigdal.com<br>
    eservice@markmigdal.com
</p>