*Tagged opinion*
*Do not publish*



**ORDERED in the Southern District of Florida on January 3, 2025.**

Laurel M. Isicoff, Judge
United States Bankruptcy Court
_____

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | CHAPTER 11 |
| AMERICA-CV STATION GROUP INC., | Case No. 19-16355-BKC-LMI |
| Debtor _____/ | |
| OMAR ROMAY, Liquidating Trustee, for the Liquidating Trust of America-CV Station Group Inc., | Adv. Pro. No. 21-ap-01059-LMI |
| Plaintiff, | |
| v. | |
| MEDIASET ESPAÑA COMMUNICACION S.A., | |
| Defendant. _____/ | |

**ORDER DENYING MOTION FOR RECONSIDERATION OR**

**ALTERNATIVELY ORDER INDICATING COURT WOULD NOT GRANT MOTION TO RECONSIDER IF MANDATE WERE RELINQUISHED**

This matter came before the Court upon the *Motion for Reconsideration of Order on Motions for Summary Judgment Relating to Personal Jurisdiction* (ECF #353) (the "Motion for Reconsideration") filed by Mediaset España Comunicación, S.A., now known as Grupo Audiovisual Mediaset España Comunicación, S.A.U. ("Mediaset" or "Defendant") seeking reconsideration of this Court's *Order on Motions for Summary Judgment Relating to Personal Jurisdiction* (ECF #342) (the "Jurisdiction Order").[1]  The Court has considered the Motion for Reconsideration, the response filed by the Plaintiff, Omar Romay, as Liquidating Trustee for the Liquidating Trust of Debtor America-CV Station Group, Inc. ("Romay" or "Plaintiff")[2], the amended reply filed by Mediaset[3], and has further reviewed again the submissions associated with the underlying summary judgment motions[4] (the "SJ Motions").  After full consideration, and for the reasons set forth below, the Motion for Reconsideration is DENIED.

Mediaset seeks reconsideration of the Jurisdiction Order pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure[5], which allows a party to seek

---

[1] The Court determined that a hearing on the Motion for Reconsideration is not necessary.
[2] *Plaintiff's Response in Opposition to Mediaset's Motion for Reconsideration of Order on Motions for Summary Judgment Relating to Personal Jurisdiction* (ECF #373).
[3] *Mediaset's Amended Reply in Support of Mediaset's Motion for Reconsideration of Order on Motions for Summary Judgment Relating to Personal Jurisdiction* (ECF #393).
[4] *Defendant's Motion for Partial Summary Judgment Based Upon Lack of Personal Jurisdiction* (ECF #175); *Liquidating Trustee Omar Romay's Motion for Summary Judgment and Incorporated Memorandum of Law* (ECF #176); *Liquidating Trustee Omar Romay's Omnibus Response to Defendant's Three Motions for Summary Judgment* (ECF #182); *Mediaset's Reply in Support of Its Three Motions for Partial Summary Judgment* (ECF #187); *Defendant Mediaset's Opposition to Plaintiff's Motion for Summary Judgment* (ECF #183); and *Liquidating Trustee Omar Romay's Reply in Support of His Motion for Summary Judgment* (ECF #188).
[5] The Plaintiff argues that the Motion for Reconsideration was not timely filed.  The Court finds otherwise. Under Rule 60(c) of the Federal Rules of Civil Procedure, "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1) . . . no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). The

2

reconsideration of an order to correct a mistake, including misapprehensions of fact by the Court.

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Jean-Felix v. Chicken Kitchen USA, LLC,* 2013 WL 2243966, at *2 (S.D. Fla. 2013) (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)) (internal quotations omitted). "The moving party must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Jean-Felix*, 2013 WL 2243966, at *2 (internal quotations and citations omitted). Reconsideration of a prior order is "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002) (internal citation omitted). Reconsideration is appropriate where there is (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or manifest injustice. *Id.* at 1369. "[C]lear error or manifest injustice occurs where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Great Lakes Ins. SE v. Boat Rental Miami, Inc.*, 2020 WL 264674, at *6 (S.D. Fla. 2020) (internal quotations omitted). Substantial discretion rests with this Court in its analysis of a request for reconsideration. *Frank Keevan & Son, Inc. v. Callier Steel Pipe & Tube Inc.,* 107 F.R.D. 665, 670-71 (S.D. Fla. 1985).

---

Jurisdiction Order was entered on May 14, 2024 and the Motion for Reconsideration was filed on August 23, 2024, well within one year after the entry of the Jurisdiction Order and within a reasonable time due to the fact that the parties were engaged in post-trial submissions.

3

Here, Mediaset argues that the Court (a) relied on facts that are wrong, (b) unfairly relied on facts that, according to Mediaset, were not included in the Plaintiff's submissions with respect to the SJ Motions, and (c) incorrectly found connections with the United States with respect to the Broadcast Businesses at the time of the Transfer[6].

In support of these arguments, Mediaset has submitted a Declaration of Ángel Santamaria Barrio (the "New Declaration") which declaration addresses some of the facts included in the Jurisdiction Order. The Plaintiff argues that it is inappropriate for Mediaset to submit the New Declaration in support of its Motion for Reconsideration because the New Declaration offers new theories that could have been presented earlier. However, the Court finds that the New Declaration does not offer new theories and does not contradict anything Mediaset has previously filed and that the New Declaration merely clarifies certain facts that Mediaset argues the Court improperly found in the Jurisdiction Order. Moreover, the Court has the discretion to consider affidavits filed in support of a motion to reconsider and it exercises that discretion to do so here. *See Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 805-06 (11th Cir. 1993).

The two facts upon which Mediaset focuses its primary attention are this Court's finding that Santamaria served in various financial capacities for the Broadcast Businesses and that Santamaria lived in Miami until Mediaset sold its interests in Pegaso. Mediaset argues that because Santamaria moved from

---

[6] Defined terms not otherwise defined herein shall have the meaning set forth in the Jurisdiction Order.

Miami in 2010 (according to the New Declaration) and that the Broadcast Businesses were not formed until after 2010, that Santamaria was excluded by first Romay, and then Vasallo, that Santamaria could not possibly be involved in the Broadcast Businesses.

The Court's use of the defined term "Broadcast Businesses" reflects the business in which Pegaso was involved, and which Mediaset wanted a piece of, at the time of the acquisition in 2008, regardless of whether that happened before, after, or during the involvement of Romay or Vasallo.  The foundation of the Court's finding of specific jurisdiction and the fairness of being brought into the jurisdiction of the United States with respect to that business, is not based on who else owned the business; the issue is whether Mediaset, through Santamaria, was involved to such an extent that specific jurisdiction is constitutionally appropriate.  As for Santamaria's return to Spain, whenever that was, regardless of where Santamaria was located, the Court's findings with respect to his involvement in the Broadcast Businesses doesn't change. Santamaria's physical presence in the United States to conduct business in the United States, is not necessary if there is sufficient activity to warrant jurisdiction relating to the business in which Mediaset chose to involve itself. *Accord Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475-76 (1985). Santamaria continued to be involved, including with respect to facilitating the 2016 refinancing of the Banco de Sabadell mortgage, and was significantly involved in all aspects of the post-FCC auction Romay issues and actions.

Mediaset argues that Romay never disputed the factual arguments put forth by Mediaset in its *Motion for Partial Summary Judgment Based Upon Lack*

5

*of Personal Jurisdiction* (ECF #175). That is not accurate. All the facts upon which the Court relied in the Jurisdiction Order came from depositions and declarations submitted by the parties in support of their own, or in opposition to the other side's, motion for summary judgment. The Court is not aware, nor has Mediaset cited, any rule or case law that directs that it is inappropriate for the Court to consider what was submitted by both parties with respect to the SJ Motions that were not directly addressed in the written submissions.

While Santamaria claims that he was not involved in the business, the deposition testimony of Marcell Felipe, Santamaria's own testimony regarding the mortgage, as well as the extensive involvement of Santamaria, as reflected in emails submitted in support of the SJ Motions, all illustrate that Santamaria was involved in significant decisions relating to the Broadcast Businesses. To the extent that Santamaria's involvement in the financial aspects of the Broadcast Businesses was terminated, as the New Declaration asserts, or diminished, when Romay and then Vasallo got involved, there is no question that, at the time of the Second Romay State Court Litigation[7], Santamaria[8] was regularly consulted, and was actively involved, in the discussions regarding what to do.

This leads to the last point. While Mediaset's involvement with Pegaso and the Broadcast Businesses terminated upon the sale of the stock in March 2018, the months, indeed at least two years leading up to that sale were consumed by

---

[7] As defined in the *Memorandum Opinion on Final Judgment* (ECF #356).
[8] Trial evidence, upon which the Court did *not* rely for the Jurisdiction Order, but which further bolsters the constitutionality of the personal jurisdiction, shows that Mediaset's in-house counsel was also involved in the consultations regarding the FCC auction results and, ultimately, the Second Romay State Court Litigation.

6

the FCC auction, its results, and the anticipated, and then the actual dispute with Romay. "Minimum contacts must exist either at the time the cause of action arose, the time the suit was filed, or within a reasonable period of time immediately prior to the filing of the lawsuit." *Johnson v. Woodcock*, 444 F.3d 953, 955-56 (8th Cir. 2006) (internal citation omitted). "[T]he purpose of determining limited personal jurisdiction, minimum contacts are measured at the time that the underlying acts took place. Thus, it follows that personal jurisdiction cannot be defeated by leaving the state where the underlying acts took place." *Gen. Motors Corp. v. Ignacio Lopez de Arriortua,* 948 F. Supp. 656, 663 (E.D. Mich. 1996). As applied here, Mediaset's immediate and complete exit from anything to do with the Broadcast Businesses upon the sale of the Pegaso stock doesn't erase the eighteen months prior to the Transfer when Santamaria was heavily involved in the anticipated and ultimately filed lawsuit relating to the FCC auction.

In sum, the Court finds that any potential mistake in fact was not material to the Court's ruling, and that Mediaset has not demonstrated that the circumstances surrounding entry of the Jurisdiction Order constitute clear error.

It is therefore **ORDERED** and **ADJUDGED** as follows:

1. The Motion for Reconsideration is **DENIED**.

2. To the extent that this Court lacks authority to rule on the Motion for Reconsideration in light of the pending appeal, and pursuant to Fed. R. Bankr. P. 8008(a), the Court advises the district court that the Court would not grant

the Motion for Reconsideration if the district court relinquished jurisdiction for that purpose.

###

Copies to:
Patricia A. Redmond, Esq.
Monique D. Hayes, Esq.

*Attorney Hayes is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF, and file a proof of such service within two (2) business days from entry of the Order.*